# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | **Chapter 11** |
| **CHARLES K. BRELAND, JR.,** | § § | **Case No. 16-02272** |
| Debtor | § § | |
| | | |
| **THE CHARTER OAK FIRE INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § § | Adversary Number: |
| v. | § § | **Case No. 18-57** |
| **CITY OF FAIRHOPE, ALABAMA;** **CHARLES K. BRELAND, JR.;** **A. RICHARD MAPLES, JR.; and,** **BRELAND CORPORATION,** | § § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE

This matter is before the Court on Plaintiff, The Charter Oak Fire Insurance Company's Motion for Withdrawal of the Reference pursuant to 28 U.S.C. Section 157(d). A motion for withdrawal of the reference is heard by the District Court pursuant to Bankruptcy Rule 5011(a). For the reasons set forth below, this Court recommends that the District Court grant permissive withdrawal of the reference and transfer this adversary proceeding to the District Court for resolution.

### SUMMARY OF THE ADVERSARY PROCEEDING

On or about July 8, 2016, Charles K. Breland, Jr., the Debtor, filed a Chapter 11 case. Prior to filing bankruptcy, Breland initiated a lawsuit against the City of Fairhope styled *Charles K.*

*Breland, Jr., et al. v. The City of Fairhope, Alabama*, in the Circuit Court of Baldwin County, Alabama, Civil Action Number 05-CV-2013-901096.00 ("the underlying action").

On October 24, 2018, Charter Oak initiated this adversary proceeding, seeking a declaration of Charter Oak's rights and obligations, if any, under insurance policies issued to the City of Fairhope with respect to the claims asserted in the underlying action. [Doc. 1; Doc. 1-1].

Defendant the City of Fairhope was served on November 8, 2018; Defendant A. Richard Maples, Jr. was served on November 19, 2018; and Defendants Breland and Breland Corporation were served on November 20, 2018.

On January 7, 2019, before any responsive pleadings were filed or discovery had commenced in this adversary proceeding, Plaintiff filed the instant Motion to Withdraw the Reference.

## LAW

Under the standing Order of Reference of the District Court of the Southern District of Alabama entered pursuant to 28 U.S.C. § 157(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11" are referred to this district's bankruptcy judges. However, Congress "gave district courts the discretionary authority to withdraw any case or proceedings from a bankruptcy court 'for cause shown.'" *In re Parkland/Atlanta Joint Venture*, 927 F.2d 532, 535 (11th Cir. 1991) (citing 28 U.S.C. § 157(d)). Although Congress provided "no statutory definition of the word 'cause,' the courts have made it plain that this is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991) (citations omitted).

Section 157(d) provides for both mandatory and permissive withdrawal of the reference.

This Court (Mahoney, J.) has considered both mandatory and permissive withdrawal:

> Mandatory withdrawal is only compelled if "the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law." *Abrahams, et al. v. Phil–Con Services, LLC,* 2010 WL 4875581, at *2 (S.D. Ala. November 23, 2010) (quoting *In re Vicars Insurance Agency, Inc.,* 96 F.3d 949, 952 (7th Cir. 1996)). Indeed, "significant interpretation of the non-Code statute must be required." *Id.*
>
> A district court may withdraw the reference "for cause shown." "In making this discretionary determination, courts generally consider (1) advancing uniformity in bankruptcy administration, (2) decreasing forum shopping and confusion, (3) promoting the economical use of the parties' resources, (4) facilitating the bankruptcy process, (5) whether the claims are core or non-core, (6) whether there has been a jury demand, and (7) the prevention of delay." *BankUnited Financial Corp. v. F.D.I.C.,* 436 B.R. 216, 220 (S.D. Fla. 2010) (citing *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 998 (5th Cir. 1985)).
>
> Additionally, the United States Supreme Court's recent decision in *Stern v. Marshall,* 131 S.Ct. 2594, (2011), guides the instant analysis. In that case, the Supreme Court held that a bankruptcy court lacked constitutional authority to enter a final and binding order as to a state law counterclaim asserted by the debtor in her bankruptcy case. At a minimum, the *Stern* decision calls into question this bankruptcy court's authority to enter a final order with regard to causes of action that are non-core and not integral to the bankruptcy case.

*In re Small,* No. 11-00384, 2011 WL 7645816, at *1 (Bankr. S.D. Ala. Nov. 22, 2011) *report and recommendation adopted,* No. 12-MC-00005-CG, 2012 WL 1081080 (S.D. Ala. Apr. 2, 2012).

There are good reasons for moving this adversary proceeding to District Court. None of the claims arise under the Bankruptcy Code. Coverage claims of this type are typically brought in the District Court when there is diversity jurisdiction, and the District Court has particular expertise in deciding these claims. Resolution of these claims will require consideration of non-title 11 laws of the United States regulating organizations or activities affecting interstate commerce, potentially implicating the mandatory abstention requirement of 28 U.S.C. § 157(d). At this point, the Court is not sure whether resolution of these claims would require "significant interpretation" of the non-title 11 statutes and thus whether withdrawal of the reference is

mandatory as opposed to permissive. However, it is not necessary to reach that issue, as the Court finds that permissive withdrawal of the reference is appropriate in this case under the standards set out in *In re Small, supra.*

To determine whether sufficient cause exists for withdrawal under Section 157(d), the District Court considers the following factors: (1) uniform administration in bankruptcy courts; (2) prevention of forum shopping; (3) economical use of the parties' resources; and (4) facilitation of the bankruptcy process. *In re Mansmann*, 2013 WL 2322953, at * 3 (S.D. Ala. May 28, 2013) (citing *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000)); *see also In re Beck*, 2013 WL 5676232, at *3 (S.D. Ala. Oct. 18, 2013) (citing *In re Mansmann*, 2013 WL 2322953 at *3). "In addition, courts may also consider whether the claim is core or non-core; whether withdrawal is an efficient use of judicial resources; whether there is a jury demand; and whether withdrawal will prevent delay." *Id.* (citing *In re Price*, 2007 WL 2332536, at *2); *see also In re Beck*, 2013 WL 5676232, at *3 (citing *Abrahams v. Phil-Con Servs., LLC*, 2010 WL 4875581, at *3 (S.D. Ala. Nov. 23, 2010) (citing, in turn, *In re Simmons*, 200 F.3d at 742)).

All parties agree that this action is a non-core proceeding. Thus, any decision by the bankruptcy court will be subject to de novo review by the District Court. Therefore, judicial resources will be conserved if the reference is withdrawn and this case is transferred to the District Court for resolution.

This action does not involve substantive rights arising from the Bankruptcy Code, but, rather, is an insurance coverage action that presents state-law claims that will be governed by Alabama law. This Court is not familiar with these types of actions. By contrast, the District Court considers these types of claims on a regular basis and is more knowledgeable with respect to the Alabama law that will govern resolution of the issues in this proceeding. Therefore, withdrawal of the reference and

transfer of this proceeding to the District Court will conserve judicial resources, promote judicial economy, and is a more economical use of the parties' resources.

Finally, there is no evidence of forum shopping here. Breland, the Chapter 11 Debtor and claimant in the underlying action, is a necessary and indispensable party to the coverage issues presented here. *See GeoVera Specialty Ins. Co. v. Small*, 2011 WL 2681289, at *2, n.1 (S.D. Ala. Jul. 11, 2011) (citing *Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1116-7 (N.D. Ala. 2007)). Moreover, the District Court has an independent basis for subject-matter jurisdiction here, as the parties are diverse and the amount in controversy exceeds the jurisdictional minimum.

Furthermore, on January 7, 2019, the City of Fairhope initiated a civil suit against the Charter Oak Fire Insurance Company raising the same or similar issues in the Circuit Court of Baldwin County. That action was removed to the U.S. District Court by Charter Oak and is currently pending before U.S. District Judge Moorer. *See The City of Fairhope, v. The Charter Oak Fire Insurance Company,* case number 1:19-cv-00009-TFM-N. On January 14, 2019, the City of Fairhope moved the U.S. District Court to remand that action to the Circuit Court of Baldwin County. (1:19-cv-00009-TFM-N Doc. 5). That Motion remains pending before Judge Moorer. With the removal and request for remand pending in the U.S. District Court in this District, it furthers judicial economy for the reference to be withdrawn in the instant case so that Judge Moorer has all related nonbankruptcy matters before him to bring to full resolution.

For the reasons stated above, this Court recommends that the District Court grant permissive withdrawal of the reference as to the entirety of the Adversary Proceeding and direct that this matter be transferred to the District Court for resolution.

**IT IS HEREBY ORDERED** that the Bankruptcy Clerk transmit the Plaintiff's motion for withdrawal of the reference to the U.S. District Court as well as this Court's Report and

Recommendation for further consideration by the U.S. District Court.

Dated: January 23, 2019

                                                           JERRY C. OLDSHUE, JR.
                                                           U.S. BANKRUPTCY JUDGE